**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                          **CRIMINAL ACTION**

**VERSUS**                                                              **No. 15-68**

**NICANOR GONZALES**                                        **SECTION I**

## ORDER AND REASONS

Defendant filed four objections to the draft presentence report prepared by the U.S. Probation officer. The Probation officer initially rejected all of the defendant's arguments, but the officer then filed a third addendum to the presentence report concluding that the defendant was correct that he should not be categorized as a career offender and that his theft conviction should not count toward his criminal history score. The government agreed with the conclusions of U.S. Probation. Accordingly, the only remaining objection is defendant's argument that the two-level dangerous weapon enhancement is unwarranted. For the following reasons, that objection is denied.

### I.

Pursuant to U.S.S.G. § 2D1.1(b)(1), "[i]f a dangerous weapon (including a firearm) was possessed" by the defendant, the offense level should increase by two levels. Application Note 11(A) to the guidelines explains that the enhancement for weapon possession "reflects the increased danger of violence when drug traffickers possess weapons." It further states that the enhancement should be applied if the

firearm was present, "unless it is clearly improbable that the weapon was connected with the offense." *See* U.S.S.G. § 2D1.1(b)(1) cmt. n. 11(A).

The enhancement is applicable here for two reasons. First, defendant was present when his co-conspirator Edwin Martinez used different firearms to threaten an individual related to a drug transaction organized by defendant. Second, a firearm was found in defendant's vehicle at the time of his arrest, in close proximity to nine grams of cocaine and $3,300 in U.S. currency.

In the introductory paragraph to his brief, defendant states that he "would like to note that these objections are not to be interpreted to contrast the facts contained and agreed upon in the factual basis." According to the factual basis, defendant obtained three kilograms of cocaine from co-conspirator Edwin Martinez to sell to an individual named "Rambo." Defendant was introduced to Rambo by co-conspirator Paul Norris. After defendant delivered the drugs, Rambo failed to pay. When Norris and defendant could not locate Rambo, they met with Martinez at defendant's body shop. Martinez threatened Norris with a rifle and demanded payment while defendant was present.

Later the same day, the confrontation continued at a separate body shop owned by Norris. Martinez and a fourth individual named "Z.U." again threatened Norris with a rifle and a handgun while defendant was present. The police were eventually called to the scene by Norris's nephew. When police removed Gonzales from his vehicle, they observed on the driver side floorboard a small plastic bag containing approximately nine grams of cocaine. They also observed a .380 semi-automatic

pistol tucked between the driver's seat and the center console. A records check revealed that the firearm was stolen.

Defendant does not contest any of the above facts. Instead, he simply argues that at no point during the altercations did he possess a firearm or threaten anyone with a firearm. With respect to the pistol found in his vehicle, while defendant nowhere asserts that the gun did not belong to him, he does emphasize that he was not charged with possession of the pistol and that the government has not alleged that he possessed the firearm in connection with the distribution of cocaine.

A defendant's sentence may properly be enhanced under U.S.S.G. § 2D1.1(b)(1) if the possession of a firearm by one of his coconspirators was "reasonably foreseeable" to the defendant. *United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006) (citing *United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997)). "[O]rdinarily, one coconspirator's use of a firearm will be foreseeable because firearms are 'tools of the trade' in drug conspiracies." *Dixon*, 132 F.3d at 202 (citation omitted). Again, defendant was present when Martinez threatened Norris with a rifle and a handgun. For the enhancement to apply, it is not necessary that defendant himself possessed the weapon. Defendant knew that he and Martinez were meeting with Norris to discuss unpaid drug debts, and he knew that Martinez was unhappy with the situation. Under those circumstances, Martinez's possession of the firearms was reasonably foreseeable to defendant, and defendant is subject to the enhancement.[1]

---

[1] Even if defendant did not have actual knowledge that Martinez would brandish a firearm at the defendant's body shop, by the time defendant was en route to Norris's body shop, Martinez's possession of firearms at the second confrontation was certainly foreseeable.

The presence of the pistol in defendant's vehicle also provides a sufficient basis for the enhancement. The application notes to the guidelines provide that the enhancement should be applied when a weapon is present "unless it is clearly improbable that the weapon was connected with the offense." *See* U.S.S.G. § 2D1.1(b)(1) cmt. n. 11(A). Defendant had the semi-automatic pistol in his vehicle as he drove that vehicle to Norris's body shop. Defendant knew that a confrontation was forthcoming, having already witnessed Martinez threaten Norris with a rifle at defendant's body shop. The guidelines explain that the enhancement for weapon possession "reflects the increased danger of violence when drug traffickers possess weapons." *See id.* When defendant chose to bring another firearm into an escalating situation involving drug money, he increased the risk that violence would take place. The fact that defendant did not hold the firearm in his hand during the confrontation does not make it clearly improbable that the weapon was connected to drug trafficking.

Further, "[t]he Government may establish a connection between the weapon and the offense by showing that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *United States v. Diaz*, 532 F. App'x 527, 528 (5th Cir. 2013) (internal quotation marks and citation omitted). The presence of the cash and the cocaine in close proximity to the weapon further establishes the weapon's connection to the drug conspiracy.[2] The

---

[2] The fact that defendant does not admit that he owned the weapon does not alter the Court's finding. *See Diaz*, 532 F. App'x at, 528 ("This court has determined that access to, and not ownership of, the dangerous weapon must be established; even if

pistol confiscated from defendant's vehicle warrants the two-level enhancement irrespective of Martinez's actions, and U.S. Probation was correct to apply the enhancement on that basis alone.

## II.

For the foregoing reasons,

**IT IS ORDERED** that the defendant's remaining objection to the presentence report is **DENIED**.

New Orleans, Louisiana, April 20, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

the defendant did not intend to use the weapon, it suffices that the weapon could have been used." (quoting *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995))).