# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-68 |
| NICANOR GONZALES | SECTION I |

### ORDER & REASONS

Before the Court is petitioner Nicanor Gonzales's ("Gonzales") motion[1] to reopen his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the discovery of new evidence. Gonzales also requests the appointment of counsel. For the following reasons, the motions are denied.

### I.

On January 21, 2016, Gonzales pled guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine hydrochloride and one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[2] The Court sentenced Gonzales on April 20, 2017 to 97 months of imprisonment and 5 years of supervised release.[3]

On April 30, 2017, Gonzales filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, wherein Gonzales asserted multiple claims of ineffective assistance of counsel.[4] The Court dismissed Gonzales's motion with

---

[1] R. Doc. No. 617.
[2] R. Doc. Nos. 74, 185. Gonzales pled guilty to Count One of the one-count second superseding indictment.
[3] R. Doc. No. 483.
[4] R. Doc. No. 570.

prejudice finding that Gonzales's claims were meritless.[5] Gonzales filed a notice of appeal to the United States Fifth Circuit Court of Appeals on August 6, 2018,[6] and this Court denied the certificate of appealability on October 2, 2018.[7] Gonzales's appeal of the Court's denial of his § 2255 motion is still pending before the Fifth Circuit.[8]

On September 6, 2018, Gonzales filed a motion asking this Court to require the U.S. Bureau of Prisons to provide Gonzales with a copy of a letter that he received from the U.S. Department of Justice.[9] The letter informed Gonzales that Edwin Martinez ("Martinez"), a high-level Houston drug trafficker with whom Gonzales worked,[10] admitted that he agreed to false statements contained in the factual basis of his plea agreement, and that Martinez may have provided false testimony regarding Gonzales's involvement in the above-captioned case.[11] In response to Gonzales's motion, the Court provided Gonzales with the letter and dismissed the motion as moot.[12]

On September 21, 2018, Gonzales filed the present motion to reopen his § 2255 motion based on the discovery of new evidence, that is, the above-mentioned letter from the U.S. Department of Justice, which he asserts supports his prior ineffective

---

[5] R. Doc. No. 595.
[6] R. Doc. No. 607.
[7] R. Doc. No. 618.
[8] *United States v. Gonzales*, No. 18-30921 (5th Cir. 2018).
[9] R. Doc. No. 615.
[10] R. Doc. No. 595, at 2.
[11] R. Doc. Nos. 615, 616-1. The admission came as a result of a recent interview connected to the prosecution of former DEA special agent Chad Scott ("Scott").
[12] R. Doc. No. 616.

assistance of counsel claims and "lends credence to the Movant being actually innocent of the crime for which he now stands wrongfully convicted."[13]

The Court lacks jurisdiction to consider Gonzales's motion because (1) Gonzales's first § 2255 motion is on appeal before the Fifth Circuit, and (2) the motion constitutes a second or successive habeas petition that has not been authorized by the Fifth Circuit.

## II.

First, the Court lacks jurisdiction to consider Gonzales's motion because it is pending before the Fifth Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "Further, an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena*, 713 F. App'x 271, 272–73 (5th Cir. 2017) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)).[14]

---

[13] R. Doc. No. 617, at 3.
[14] In *Pena*, the Fifth Circuit held that the district court lacked jurisdiction over the defendant's post-judgment motion to compel disclosure of information because it was filed after the defendant filed his notice of appeal of the district court's judgment. *Pena*, 713 F. App'x at 272. Specifically, the defendant sought, among other things, "[a]ny *Brady* information not previously disclosed" and information that the government obtained in connection with its investigation against the defendant. *Id.* at 273. The Fifth Circuit held that the defendant's motion to compel "neither

Gonzales's present motion, filed after his notice of appeal, asks the Court to consider new evidence and the merits of his claims on appeal. The Court denied Gonzales's first § 2255 motion and issued a final judgment on July 20, 2018.[15] The Court's judgment determined the entirety of Gonzales's motion and all of the issues that he presented to the Court. Gonzales's notice of appeal as to that judgment is still pending before the Fifth Circuit.[16]

Gonzales does not assert that his present motion is meant to facilitate his pending appeal; instead, he seeks to reopen the motion on the basis that he has obtained "new evidence supporting his Ineffective Assistance of Counsel claims," which evidence proves that he is innocent of the crime for which he was convicted.[17] Gonzales's notice of appeal as to the Court's prior judgment divested the Court of jurisdiction over this matter.

### III.

Gonzales's motion fails also because it constitutes a second or successive habeas petition, and the Fifth Circuit has not authorized this Court to consider it. Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence, in the court that imposed the sentence, when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the

---

facilitated the appeal, nor corrected any clerical error," but rather involved the matters on appeal. *Id.*
[15] R. Doc. Nos. 595, 596.
[16] R. Doc. No. 607.
[17] R. Doc. No. 617, at 3.

> United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). However, a district court should not consider an application for writ of habeas corpus "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a 'second or successive' habeas application in federal district court." *United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)).

"'In order to prevent conflicts between the strict limitations in AEDPA on second-or-successive habeas petitions and the more lenient restrictions on post-judgment motions in the Federal Rules of Civil Procedure, a court must review post-judgment motions 'to determine whether they are, in fact, second-or-successive habeas petitions in disguise.'" *United States v. Richardson*, No. 13-2, 2017 WL 785269, at *2 (E.D. La. Mar. 1, 2017) (Africk, J.) (quoting *In re Jasper*, 559 F. App'x 366, 370–71 (5th Cir. 2014)). "That requirement applies regardless of how a motion is styled." *Id.* at *2 (citing *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning.")).

"Post-judgment motions 'that ask[ ] the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction' must be vacated constitute second or successive petitions." *Id.* at *2 (quoting *Jasper*, 559 F. App'x at

5

371). Further, "[a] motion that seeks to add a new ground for relief . . . will of course qualify" as a second or successive habeas petition. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010) (applying "the *Gonzales* rationale to federal prisoners seeking habeas relief under § 2255.").

Gonzales has submitted to this Court a "motion to reopen § 2255 motion upon the discovery of new evidence and motion for appointment of counsel."[18] Specifically, Gonzales asks the Court to consider the letter he received regarding Scott's misconduct as "new evidence" that was not presented in his first motion, but which would further support his ineffective assistance of counsel claims and prove Gonzales "had no better choice than to plead guilty to a crime he did not commit."[19] In other words, he asserts that this new evidence proves he is actually innocent of the crime for which he was convicted.[20] Gonzales asserts a new ground for relief and urges the Court to hear a second or successive habeas petition. *See Williams*, 602 F.3d at 305.

"Because [Gonzales's] petition constitutes a second or successive § 2255 petition, this Court lacks jurisdiction to consider it in the first instance." *Richardson*, 2017 WL 785269, at *2 (citing 28 U.S.C. § 2255(h)).[21] Gonzales's motion has not been

---

[18] R. Doc. No. 617.
[19] R. Doc. No. 617, at 1, 3; *see also Richardson*, 2017 WL 785269, at *2.
[20] R. Doc. No. 617. In Gonzales's first habeas petition, he urged only claims for ineffective assistant of counsel. *See* R. Doc. No. 570.
[21] Section 2255(h) reads in full: "A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

6

certified by the United States Fifth Circuit Court of Appeals in accordance with § 2244 and § 2255(h) and, therefore, the Court elects to transfer the motion to the Fifth Circuit for authorization. *See In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) ("If a second or successive section 2255 motion is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court.").[22]

Accordingly,

**IT IS ORDERED** that Gonzales's motion be construed in part as a motion for certification for this Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this Court.

**IT IS FURTHER ORDERED** that Gonzales's motion for the appointment of counsel is **DENIED** for lack of jurisdiction.

New Orleans, Louisiana, November 15, 2018.

_____
  **LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[22] The Court also lacks jurisdiction to consider Gonzales's motion for the appointment of counsel. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

7